UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TEAM TOYOTA REALTY, LLC            CIVIL ACTION

VERSUS

NEW HAMPSHIRE INSURANCE            NO.: 18-110-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

The Administrator of the Federal Emergency Management Agency (FEMA) moves to dismiss Team Toyota Realty, LLC's claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the **Motion to Dismiss (Doc. 13)** is **GRANTED**.

I.     BACKGROUND

This is a dispute over payment of Team Toyota's claims under Standard Flood Insurance Policies issued by a write-your-own insurer under the National Flood Insurance Program. (Doc. 1).

Team Toyota owns property in Baton Rouge, Louisiana that it uses for a car dealership. (Doc. 1 at ¶ 7). New Hampshire Insurance Company issued Team Toyota two Standard Flood Insurance Policies covering the property. (*Id.* at ¶ 8). One policy covered Team Toyota's new car building; the other covered its used car building. (*Id.* at ¶ 8). Both buildings suffered flood damage in August 2016. (*Id.* at ¶¶ 9–10).

1

Pointing to the policies, Team Toyota submitted flood-loss claims to New Hampshire Insurance Company. (*Id.* at ¶ 11). New Hampshire Insurance Company denied $97,038.66 of the $230,733.75 loss Team Toyota claimed under the policy covering the used car building. (*Id.* at ¶ 15). Team Toyota appealed the partial denial to FEMA, and FEMA affirmed. (*Id.* at ¶¶ 16–17). New Hampshire Insurance Company denied $15,718.1 of the $930,483.49 loss Team Toyota claimed under the policy covering the new car building. (*Id.* at ¶ 24).

Dissatisfied with these decisions, Team Toyota sued FEMA and New Hampshire Insurance Company for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.* at ¶¶ 29–43).

FEMA moves to dismiss Team Toyota's claims for lack of subject-matter jurisdiction. (Doc. 13). FEMA argues that it is not a proper defendant because it did not issue Team Toyota's Standard Flood Insurance Policies; New Hampshire Insurance Company, as a write-your-own insurer, did. (Doc. 13-1). FEMA also argues that it enjoys sovereign immunity as a federal agency and that the limited waiver set out in 42 U.S.C. § 4072 does not apply. (*Id.*).

Team Toyota opposes. (Doc. 14). It admits that New Hampshire Insurance Company issued the policies and adjusted the claims, but it speculates that FEMA "may have played a role in the rejection of Team Toyota's claims." (*Id.* at p. 2). It does not argue that FEMA "disallowed" its claims under 42 U.S.C. § 4072. (*Id.* at pp. 1–4).

2

## II. LEGAL STANDARD

This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Team Toyota invokes that jurisdiction, it bears the burden of proving it. *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

## III. DISCUSSION

### A. FEMA is Not a Proper Defendant

Congress created the National Flood Insurance Program when it enacted the National Flood Insurance Act. *See* 42 U.S.C. § 4001. FEMA administers the National Flood Insurance Program. *See* 42 U.S.C. § 4011(a). As administrator of that program, FEMA created another—the Write Your Own (WYO) program. *See* 42 C.F.R. §§ 62.23–62.24. The WYO program allows a private insurer, like New Hampshire Insurance Company, to issue a Standard Flood Insurance Policy in its own name. *See* 44 C.F.R. § 62.23. FEMA dictates the terms of such policies, 44 C.F.R. §§ 61.4(b), 61.13(d), and the federal treasury pays claims under them. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

An insurer issuing a Standard Flood Insurance Policy under the WYO program "shall arrange for the adjustment, settlement, payment and defense of all claims arising from" the policy. 44 C.F.R. § 62.23(d). These insurers, called "WYO Companies," are "solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." 44 C.F.R. § 62.23(g).

Team Toyota sued FEMA for breaching obligations arising from Standard Flood Insurance Policies that New Hampshire Insurance Company issued as a WYO Company. (Doc. 1 at ¶¶ 34–43). So FEMA is "not a proper party defendant," and New Hampshire Insurance Company is "solely responsible" for its obligations to Team Toyota under the policies. 44 C.F.R. § 62.23(g).[1]

### B. FEMA Enjoys Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because FEMA is a federal agency, it generally enjoys sovereign immunity. *See id.* The National Flood Insurance Act waives that immunity on a limited basis: a claimant may sue FEMA "[u]pon the disallowance *by the Administrator*" of a claim. *See* 42 U.S.C. § 4072.

---

[1] The analysis is a familiar one: courts in this circuit have time-and-again rejected insureds' efforts to hold FEMA responsible for breaching obligations arising from WYO policies. *See, e.g.*, *Remy v. Hartford Fire Ins. Co.*, No. 13-5666, 2014 WL 6390862, at *1 (E.D. La. Nov. 10, 2014); *Kronenberg v. Fidelity Nat. Ins. Co.*, No. 07-4877, 2008 WL 631277, at *2 (E.D. La. Mar. 5, 2008); *Gumpert v. Allstate Ins. Co.*, No. 97-1531, 1997 WL 538003, at *2–4 (E.D. La. Aug. 26, 1997).

4

Team Toyota fails to allege facts sufficient to bring its claims within § 4072's limited waiver of sovereign immunity. (Doc. 1 at ¶¶ 1–48). Team Toyota does not allege that FEMA or the Administrator "disallow[ed]" its flood-insurance claims. (*Id.*). Nor can it: FEMA did not "disallow" Team Toyota's claim when it affirmed New Hampshire Insurance Company's denial of the claim. *See Fowl, Inc. v. Fidelity Nat. Prop. And Cas. Ins. Co.*, No. 12-283, 2012 WL 1886013, at *4 (E.D. La. May 23, 2012).

\* \* \*

Because the regulations governing the National Flood Insurance Program confirm that FEMA is not a proper defendant, and because Team Toyota has not alleged facts sufficient to bring its claims within FEMA's limited waiver of sovereign immunity, Team Toyota has not met its burden of proving subject-matter jurisdiction.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that FEMA's **Motion to Dismiss (Doc. 13)** is **GRANTED**. Team Toyota's claims against FEMA are **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

Baton Rouge, Louisiana, this 14th day of May, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA